[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the instant proceeding, Arnold Gundersen (Gundersen) has sued his former employer, Nuclear Energy Services, Inc. (NES); William Manion, NES' president; and James Walker, a salesperson for NES, seeking damages arising from the termination of Gundersen's employment with NES in 1990. The complaint sounds in five counts, setting forth causes of action for defamation, breach of contract, "interference with prospective advantage," and intentional and negligent infliction of emotional distress, respectively.[1]
Nearly four years after its filing, this case is now on the eve of trial. As the parties were beginning jury selection, counsel argued that jury selection should be suspended while the court considered the instant motion in limine, in which the defendants seek to have this court: (1) preclude the plaintiff from attempting to prove that he was fired by his employer in retaliation for "whistleblowing"; and (2) determine as a matter of law that the plaintiff was laid off for legitimate business reasons. The basis of the defendants' motion is that Gundersen pursued similar claims of improper termination before the Department of Labor, which claims were dismissed and the dismissals upheld on appeal. The defendants argue, therefore, that Gundersen is precluded from relitigating the issue of his alleged improper termination due to the operation of the doctrine of collateral estoppel. (Issue preclusion.)
A concise recitation of the facts relevant to this motion is indeed appropriate. In 1990, Gundersen was working for NES as a senior vice president. In April, 1990, while observing the contents of a safe at NES' headquarters, he discovered some materials which he believed contained dangerous levels of radioactivity. Shortly thereafter, he reported his findings to officials at NES' Radiation Safety Committee. On May 21, 1990, Gundersen was terminated from his position with NES.
On June 8, 1990, he filed a complaint with the Department of Labor (DOL) asserting that he had been improperly terminated as a "whistleblower" in violation of 42 U.S.C. § 5851 (a), the Energy Reorganization Act of 1974 (Act). The DOL conducted an investigation of Gundersen's complaint, which included interviews CT Page 5123-UU with three high-level officials at NES, as well as consideration of statements and materials provided by Gundersen himself. On July 12, 1990, the DOL advised Gundersen by letter that its investigation "did not verify that discrimination was a factor in . . . [your termination]. Consequently, it is our conclusion that your allegations cannot be substantiated for the following reasons: your termination resulted from an overall reduction of personnel and subsequent cost savings to the firm."[2] The letter further advised Gundersen that he had a right to a formal hearing on the record, which he could exercise by filing a request therefor within five days of his receipt of the letter. He did not exercise this right, and the decision of the DOL became a final order of the Secretary of Labor after the expiration of the five-day period, in accordance with 29 C.F.R. § 24.4 (d)(2)(i). Gundersen appealed this final order to the U.S. Court of Appeals for the Second Circuit. On December 13, 1990, the Second Circuit dismissed the appeal for failure to comply with a scheduling order of the court.[3]
On June 22, 1992, Gundersen filed a second complaint with the DOL alleging the same wrongdoing by NES, this time asserting the existence of newly discovered evidence. On July 28, 1992, the DOL dismissed his complaint, finding "no apparent basis to change . . . [our] original determination."[4] Once again, Gundersen was advised of his right to a hearing before an administrative law judge (ALJ), which he chose to exercise. The ALJ conducted a full hearing at which counsel were present and evidence was introduced. At the conclusion of that hearing, the ALJ recommended dismissal of Gundersen's complaint on the ground that there existed no basis for setting aside the final order of the DOL in July, 1990.[5] On January 19, 1993, the Secretary of Labor adopted the ALJ's report, and issued a final order dismissing Gundersen's complaint.
"The purpose of a motion in limine is to exclude irrelevant, inadmissible and prejudicial evidence from trial. . . ." (Internal quotation marks omitted.) State v. Lo Sacco, 26 Conn. App. 439,444, quoting State v. Bell, 188 Conn. 406, 414. At the outset, it is noted that Gundersen's counsel has objected to the filing of the motion in limine, in part, because "although styled a motion in limine, [it] is a motion for summary judgment in sum and substance."[6] Gundersen's point is well taken, in that the defendants' motion in limine has the effect of a motion for summary judgment. This court does not normally permit the late filing of such a motion, particularly on the eve of trial. CT Page 5123-VV Practice Book § 379. However, it will, nevertheless, address the substance of the defendants' motion because of its considerable impact on the outcome of this action.
Turning then to the substance of the motion, a proper analysis begins with a review of the doctrine of collateral estoppel. "Under Connecticut law, [c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . ." (Citations omitted; internal quotation marks omitted; alterations in original.) Commissioner of Motor Vehiclesv. DeMilo Co., 233 Conn. 254, 267. The doctrine applies not only to judicial proceedings, but to administrative proceedings as well. Carothers v. Capozziello, 215 Conn. 82, 94. ("[A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court.") (Citations omitted; alterations in original.) This state and this circuit recognize the application of the doctrine of collateral estoppel to give preclusive effect to decisions of administrative bodies. Carothers v. Capozziello, supra; Norman v.Niagara Mohawk Power Corp., 873 F.2d 634 (2d Cir. 1989).
The three elements necessary to determining whether collateral estoppel applies are: (1) the issue sought to be given preclusive effect must have been actually litigated in the prior proceeding; (2) the issue must be identical to the issue in the present case; and (3) the determination must have been necessary to the decision below. Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 296; Carothers v. Capozziello, supra, 94-95.
The key issue in determining whether an administrative proceeding should be given preclusive effect is whether the parties had an opportunity to litigate their claims below. In this context, the inquiry is not whether the parties in fact litigated every aspect of their respective claims, but whether they were given the opportunity to do so. Commissioner of MotorVehicles v. DeMilo Co., supra. ("The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had anopportunity to litigate.") (Citations omitted; internal quotation marks omitted; emphasis in original.) Id. See also Carothers v.Capozziello, supra.
In this case, Gundersen argues that during the administrative CT Page 5123-WW proceedings below, "there was no presentation of evidence, opportunity to rebut evidence presented by the employer, no cross examination of witnesses and no impartial fact[-]finder."[7]
However, Gundersen admits, as he must, that there was no such hearing before an administrative law judge because he did notrequest one, even after being advised of his right to do so. As noted above, the touchstone of this question is Gundersen'sopportunity to fully litigate his claim below, not whether he exercised that option. Gundersen, having failed to exercise his right to a full hearing before an administrative law judge with respect to his first complaint to the DOL, is now precluded from relitigating those issues before this court. His second effort, two years later, leads inescapably to the same result.
The other two elements of collateral estoppel, identity of issue and necessary determination of the issue by the tribunal below, are also present in this case. The narrow issue that was before the DOL was whether Gundersen's termination was an impermissible retaliatory firing; the DOL concluded that it was not. That issue, therefore, is entitled to preclusive effect, and to the extent that Gundersen intends to establish that his termination was anything other than "an overall reduction of personnel and subsequent cost savings to . . . [NES]," he is hereby barred from doing so.[8] Similarly, whether Gundersen's termination was in violation of federal law was necessary to the DOL's resolution of his complaint, satisfying the third element of the collateral estoppel test. The doctrine is clearly applicable in this case.
Accordingly, the defendants' motion in limine is granted to the following extent: (1) Gundersen is precluded from attempting to establish that his termination was a retaliatory firing. This court is constrained to deny the request for the second claim for relief, however, as a positive finding is inappropriate for a motion in limine.
Moraghan, J.